UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSAL WELL SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-0537-CVE-PJC |
| ) | |
| TECHNICAL MANUFACTURING, INC., ) | |
| d/b/a Millennium Wireline, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion for the Entry of Default Judgment and Brief in Support Thereof (Dkt. # 14) and Defendant's Motion to Strike Clerk's Entry of Default [Docket No. 13] and Brief in Support (Dkt. # 20).

Plaintiff originally filed this case in the Western District of Pennsylvania on April 11, 2006. Plaintiff served defendant, Technical Manufacturing, Inc. ("Technical Manufacturing"), within 120 days, and defendant's counsel entered an appearance. Technical Manufacturing filed a motion to dismiss or, in the alternative, to transfer venue to the Northern District of Oklahoma. The court granted defendant's motion to transfer,[1] and this Court accepted transfer of the case on October 3, 2006. Following the transfer, neither party filed any motions or pleadings with this Court. On November 29, 2006, the Court ordered plaintiff to show cause why the action should not be dismissed for failure to prosecute. Plaintiff responded to the Court's order and notified the Court that he would be filing a motion for default judgment due to defendant's failure to file a responsive pleading.

---

[1] In the Western District of Pennsylvania, the district judge granted both the motion to dismiss and the motion to transfer venue, but ordered that the case be transferred to this Court.

At the request of plaintiff, the Court Clerk entered default against Technical Manufacturing, and plaintiff filed a motion for entry of default judgment. Defendant did not receive notice of plaintiff's motion for default judgment, because he claims that he was not listed as an attorney of record on the Court's CM/ECF electronic filing system. He argues that plaintiff should have been aware of this by checking the docket sheet, and that plaintiff should have mailed a copy of the motion to defense counsel. Defendant has responded to plaintiff's motion for default judgment and has filed a motion to strike the Court Clerk's entry of default. Plaintiff responds that Technical Manufacturing had notice of the transfer order, but defendant willfully failed to file a responsive pleading or enter an appearance in the Northern District of Oklahoma. Plaintiff also asserts that defendant has not shown good cause to set aside the Court Clerk's entry of default.

Plaintiff argues that default judgment should be entered regardless of defendant's belated appearance in this Court, because defendant knew that it had 20 days to file an answer following transfer of venue. The Federal Rules of Civil Procedure authorize the clerk to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules. . . ." Fed. R. Civ. P. 55(a). The court may set aside the entry of default for "good cause shown." Fed. R. Civ. P. 55(c). The standard for setting aside entry of default "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."[2] Dennis Garber & Associates, Inc.

---

[2]  Plaintiff's motion suggests the Court should apply a more stringent standard of review based on an unpublished Tenth Circuit opinion. See Hunt v. Ford Motor Co., 1995 U.S. App. LEXIS 24463 (10th Cir. 1995). However, in a published opinion, the Tenth Circuit clarified that this higher standard applies only when the court is ruling on a motion to vacate a default judgment, not a motion to set aside the clerk's entry of default. United States v. Timbers Preserve, Routt County, Colorado, 999 F.2d 452 (10th Cir. 1993).

v. Pack-Tech Intern. Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997). Default judgments are not favored, as the preferred practice is to decide cases on their merits. Katzson Bros., Inc. v. United States Environmental Protection Agency, 839 F.2d 1396, 1399 (10th Cir. 1988); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir, 1970).

The Court finds that both parties are at fault in this case, and it would be inappropriate to enter a default judgment. Defendant has not presented a legitimate reason why it did not file an answer within 20 days. However, plaintiff knew that defendant had entered an appearance in the Western District of Pennsylvania, and moved for default judgment without providing notice to defendant. Plaintiff has cited case law holding that the failure to answer constitutes culpable conduct justifying entry of default judgment. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1391-92 (9th Cir. 1988); Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987). However, the Tenth Circuit has expressly rejected the good cause standard utilized by the Ninth Circuit in the context of a motion to set aside the clerk's entry of default. Dennis Garberg & Associates, Inc., 115 F.3d at 775 n.6. Defense counsel has submitted an affidavit explaining that he was not receiving electronic notification of filings from the Court's CM/ECF system. Plaintiff has not shown that it been prejudiced by any delay and, in any event, both parties bear some responsibility. Given the somewhat unusual circumstances of this case and the strong policy favoring resolution of cases on their merits, the Court finds that defendant has shown good cause sufficient to set aside the clerk's entry of default.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for the Entry of Default Judgment and Brief in Support Thereof (Dkt. # 14) is **denied**, and Defendant's Motion to Strike Clerk's Entry of Default [Docket No. 13] and Brief in Support (Dkt. # 20) is **granted**.  The clerk's entry of default is hereby **vacated**.

**IT IS FURTHER ORDERED** that defendant shall file an answer no later than **January 31, 2007**.

**DATED** this 24th day of January, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT